```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**GOLDIE HONEYCUTT,**

    **Plaintiff,**

**v.**                                          **CIVIL ACTION NO. 2:07-00726**

**UNITED STATES OF AMERICA,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion to Dismiss of the United States. (Doc. No. 7.) For the reasons stated below, the motion is granted.

### I. Background

By her Complaint the plaintiff alleges that on January 23, 2006, she entrusted the United States Postal Office in Charleston, West Virginia, with a package containing "very private and intimate material." (Doc. No. 1 at 2.) Apparently, she forgot to affix a return address sticker to the package, and upon returning to do so, discovered that James L. Payne, a postal employee, had opened the package and was discussing its contents in a demeaning manner. (Id.)

The plaintiff filed an administrative claim against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, on January 16, 2007. (Id. at 1.) The claim was denied by letter on October 12, 2007. (Id.) The plaintiff then filed the instant action on November 13, 2007.

(Id.)  She seeks damages for past and future pain, suffering, and medical bills.  (Id. at 2-3.)

The United States moved to dismiss the plaintiff's Complaint on the following grounds: (1) the court lacks subject matter jurisdiction because the plaintiff's claim is barred by the "postal matter exception" contained in the FTCA, and (2) the plaintiff failed to state a cause of action because the unauthorized actions of Mr. Payne were outside the scope of his employment with the United States Postal Service.  (Doc. Nos. 6,7.)  The plaintiff responded in opposition arguing that her claim is one for the intentional tort of invasion of privacy, and is therefore not barred by the "postal matter exception," and that Mr. Payne's conduct was within the scope of his employment.  (Doc. No. 9.)  The United States filed a reply (Doc. No. 12), and the plaintiff filed a sur-reply (Doc. No. 15), with permission from the court (Doc. No. 14).  Accordingly, the motion is ripe for review.

**II.  Subject Matter Jurisdiction**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction may attack the complaint on its face, in that the complaint fails to allege facts upon which the court can base jurisdiction, or it may attack the truth of any underlying jurisdictional allegations contained in the complaint.  See Lane v. David P. Jacobson & Co.,

880 F. Supp. 1091, 1094 (E.D. Va. 1995). If, as here, the motion attacks the truth of the underlying jurisdictional allegations in the complaint, then the court is not required to accept these allegations as true. Thigpen v. United States, 400 F.2d 393, 396 (4th Cir. 1986). The court may consider facts outside the complaint in order to determine whether the claim presented by the plaintiff may be brought under the FTCA. See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). Of course the plaintiff still bears the burden of proving that subject matter jurisdiction properly exists in the federal court. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

"It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000); United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA does exactly that; it provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent acts or omissions of federal employees acting within the scope of their office or employment. See 28 U.S.C. § 2679(b)(1).

The waiver of sovereign immunity contained in the FTCA does not, however, apply to claims arising out of the "loss,

miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b) ("postal matter exception"). Stated differently, the United States may not be held liable for claims arising out of the "loss, miscarriage, or negligent transmission of letters or postal matter."  Thus, since the plaintiff has not alleged that her package was lost or negligently transmitted, the question presented here is whether her claim arises out of a "miscarriage" of "postal matter."

The actual definition of the term "miscarriage" is broad and could be read to include the trespassory and invasive act alleged here.  See Merriam-Webster's Collegiate Dictionary 743 (10th ed. 1997) (defining the term "miscarriage" as "corrupt or incompetent management," or "a failure in the administration of justice"). For instance, it is reasonable to say that the unauthorized opening of or tampering with another's postal matter could constitute "corrupt management" of such matter, or in the alternative, could be considered "a failure in the administration of justice."

Supreme Court and Second Circuit dictum leans toward a more contextual reading of the term "miscarriage."  Although distinguishable from the instant facts, the Supreme Court in Dolan v. Postal Service, 546 U.S. 481, 490 (2006), rejected the government's wide assertion that the "postal mater exception" applied to "all torts committed in the course of mail delivery."

-4-

In holding so, the Court noted that the terms "loss" and "miscarriage" addressed "failings in the postal obligation to deliver mail in a timely manner to the right address." Id. at 487. Specifically, the Court explained that mail or postal matter is "'miscarried' if it goes to the wrong address." Id.

Similarly, in finding that the "postal matter exception" applied to a claim of mail theft, the Second Circuit drew a distinction between cases where the mail had been "lost" and cases where the mail had not been "lost." C.D. of NYC, Inc. v. U.S. Postal Service, 157 Fed. Appx. 428, 429 (2d Cir. 2005) (unpublished). Particularly, the court noted that it had refused to apply the "postal matter exception" in Birnbaum v. United States, 588 F.2d 319 (2d Cir. 1978), because the mail which had been covertly opened and read by the Central Intelligence Agency had not been lost. Id. (explaining that "in Birnbaum the mail was not lost, making the 'postal matter' exception inapposite.").

Although the court is not totally convinced that Congress intended the term "miscarriage" to be read so narrowly, it feels obligated to follow the logic applied by both the Supreme Court and the Second Circuit. Under that logic, if the plaintiff's package had been lost, stolen, or delivered to the wrong address, the "postal matter exception" would apply, thereby depriving the court of subject matter jurisdiction. However, because the plaintiff only alleged that her package was improperly opened,

the "postal matter exception" does not apply and the court may proceed. Accordingly, the court has subject matter jurisdiction to review the Government's second ground for dismissal.

**III. Failure to State A Claim Upon Which Relief May Be Granted**

When reviewing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969. As the Fourth Circuit has explained, "[a] complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains 'enough facts to state a claim to relief that is plausible on its face.'" Lainer v. Norfolk S. Corp., No. 06-1986, 2007 U.S. App. LEXIS 28253, at *3 (4th Cir. Dec. 5, 2007) (quoting Twombly, 127 S. Ct. at 1974).

The FTCA permits recovery for personal injury caused by the wrongful acts of a "Government employee acting within the scope

-6-

of his office or employment, under circumstances where the United States, if a private person, would be liable to a claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Since the tort here is alleged to have occurred in West Virginia, the court will apply West Virginia law. See id.

Under West Virginia law, for conduct to be within the scope of employment, generally an employee must be acting either specifically at the behest of his employer or acting in a way that is naturally incident to such act. See Courtless v. Jolliffe, 507 S.E.2d 136, 140 (W. Va. 1998). More recently, the West Virginia Supreme Court explained that

> an act is within the course of the employment, if: (1) It is something fairly and naturally incident to the business and (2) it is done while the servant was engaged upon the master's business and is done, although mistakenly or ill-advisedly, with a view to further the master's interests, or from some impulse or emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent and personal motive on the part of the servant to do the act upon his own account.

Foodland v. State ex rel. W. Va. Dep't of Health and Human Res., 532 S.E.2d 661, 665 (W. Va. 2000); compare with United States v. Smith, 810 F.2d 996, 998 (10th Cir. 1987) (Because the trespassory actions were done for a personal objective, not to further any government interest, and not pursuant to any duty under the delivery person's employment, postal employee who

opened and tampered with mail package was not acting within the scope of his employment), cert. denied, 488 U.S. 888 (1988).

In the instant case Mr. Payne's conduct is alleged to have occurred at the United States Post Office, and while he was on duty as a postal employee.  The actual act alleged, however, is so obviously motivated by a selfish desire, it would not be reasonable to assume that Mr. Payne opened the plaintiff's package in service to the United States, nor can it be said that Mr. Payne was employed for the purpose of trespassing and invading the privacy of others.  It is undisputed that the postal service has promulgated regulations which prohibit its employees from opening, inspecting, or tampering with the mail, and from disclosing information about the mail to others.  (Doc. No. 12 at 5; Doc. No. 6-2.)  Accordingly, the court must conclude that the alleged actions of Mr. Payne could only have arisen from some external, independent and personal motive.[*]

---

[*] The plaintiff contends that the determination of whether Mr. Payne was acting within the scope of his employment is a question of fact to be decided by a jury. (Doc. No. 9 at 5.) This proposition is true under less obvious circumstances. However, where, as here, the evidence is not open to conflicting inferences, and where reasonable minds could not differ, the question of whether an alleged tortfeasor was acting within the scope of his employment is a question of law for the court.  See Blythe v. Tarko, 188 F. Supp. 83, 86 (D.C. W. Va. 1960) (citing Moore v. Burriss, 54 S.E.2d 23 (W. Va. 1949), and Bank of White Sulphur Springs v. Lynch, 116 S.E. 685 (W. Va. 1923), for the proposition that questions regarding an alleged tortfeasor's scope of employment are to be determined by the jury unless the evidence is undisputed and not open to conflicting inferences or it conclusively shows lack of authority or is manifestly

The alleged act being so far outside of the bounds of Mr. Payne's scope of employment with the United States, the court must find that the plaintiff's Complaint does not set forth enough facts to state a claim to relief that is plausible on its face.

**IV. Conclusion**

For the reasons stated above, the Motion to Dismiss of the United States (Doc. No. 6) is hereby **GRANTED**. The Clerk is directed to remove this case from the active docket of the court, and send certified copies of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 2nd day of May, 2008.

ENTER:

David A. Faber
United States District Judge

---

insufficient to show authority); see also McKinley v. Rawls, 333 F.2d 198, 200 (4th Cir. 1964) (explaining that where the deviation from the scope of employment is very marked and unusual the court "may determine that the servant was not on the master's business at all.").